**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0822-16T4

RICHARD DANZIS and
MICHELE KELLY DANZIS,

     Plaintiffs-Appellants,

v.

HIGHLAND LAKES COUNTRY
CLUB AND COMMUNITY
ASSOCIATION,

     Defendant-Respondent.

_____

> Argued March 4, 2019 – Decided March 18, 2019
>
> Before Judges Haas and Mitterhoff.
>
> On appeal from Superior Court of New Jersey, Chancery Division, Sussex County, Docket No. C-000014-12.
>
> Andrew R. Turner argued the cause for appellants (Turner Law Firm, LLC, attorneys; Andrew R. Turner, of counsel and on the brief).
>
> Eileen McCarthy Born argued the cause for respondent (Dolan and Dolan, PA, attorneys; Eileen McCarthy Born, on the brief).

PER CURIAM

Plaintiffs Richard and Michele Danzis appeal from the Chancery Division's September 16, 2016, and September 19, 2017 orders granting defendant Highland Lakes Country Club and Community Association's motions to enforce prior court orders. We affirm.

The essential background of this case is set forth in our previous opinion. Danzis v. Highland Lakes Country Club & Cmty. Ass'n, Docket No. A-2732-13 (App. Div. July 18, 2016) (slip op. at 1-9). That matter involved plaintiffs' challenge to a December 6, 2013 order requiring them to remove retaining wall anchors and a stairway structure that was encroaching on defendant's property. Id. at 1. Plaintiffs also sought review of a December 15, 2014 order granting defendant's motion to enforce the first order, along with its request for attorney's fees and costs in connection with the motion as permitted by Rule 1:10-3. Id. at 1-2. For the reasons set forth in our opinion, we affirmed both orders. Id. at 12-15.

After we issued our opinion, defendant filed a second enforcement motion because plaintiffs had still not removed the encroachments or paid the attorney's fees and costs. Prior to oral argument, plaintiffs paid the outstanding fees and costs and removed the stairway, but the retaining wall anchors remained in

place. On September 16, 2016, the trial court granted defendant's motion. It ordered plaintiffs to take away the encroachments no later than November 11, 2016, and to pay defendant $2908.40 in additional counsel fees and costs associated with its filing of the enforcement motion within thirty days.

When plaintiffs again failed to remove the wall anchors or pay the outstanding fees and costs by these deadlines, defendant filed a third enforcement motion. After oral argument, the court granted the motion. In a December 19, 2016 order, the court directed plaintiffs to remove the encroachments no later than May 31, 2017 and, if they again refused to do so, to pay a $100 per day penalty beginning June 1, 2017 until they complied. The court also granted defendant's motion for fees and costs; ordered defendant to submit a certification of services in support of its request; and gave plaintiffs the opportunity to respond. For reasons that are not clear from the record, the court did not issue its order determining the amount due, and directing plaintiffs to pay defendant $2162.05 in fees and costs, until September 19, 2017.

On appeal, plaintiffs argue that "the Chancery Division erred by granting punitive, not coercive, orders to enforce litigant's rights after plaintiffs complied with earlier directives as affirmed by this court." We disagree.

A-0822-16T4

Defendant brought its two enforcement motions under Rule 1:10-3 which, in pertinent part, provides:

> Notwithstanding that an act or omission may also constitute a contempt of court, a litigant in any action may seek relief by application in the action. A judge shall not be disqualified because he or she signed the order sought to be enforced. . . . The court in its discretion may make an allowance for counsel fees to be paid by any party to the action accorded relief under this rule.

"[A] proceeding to enforce litigants' rights under Rule 1:10-3 'is essentially a civil proceeding to coerce the defendant into compliance with the court's order for the benefit of the private litigant[.]'" Pasqua v. Council, 186 N.J. 127, 140 (2006) (quoting Essex Cty. Welfare Bd. v. Perkins, 133 N.J. Super. 189, 195 (App. Div. 1975)). Thus, an application for relief under Rule 1:10-3 is distinguishable from "[a] criminal contempt proceeding under Rule 1:10-2[,]" which "is 'essentially criminal' in nature and is instituted for the purpose of punishing a defendant who fails to comply with a court order." Ibid. (quoting Essex Cty. Welfare Bd., 133 N.J. Super. at 195). Accordingly, "[r]elief under [Rule] 1:10-3, whether it be the imposition of incarceration or a sanction, is not for the purpose of punishment, but as a coercive measure to facilitate the enforcement of the court order." Ridley v. Dennison, 298 N.J. Super. 373, 381 (App. Div. 1997).

A-0822-16T4

We review a trial court's imposition of sanctions against a litigant pursuant to Rule 1:10-3 under the abuse of discretion standard. Barr v. Barr, 418 N.J. Super. 18, 46 (App. Div. 2011). "An abuse of discretion 'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Ibid. (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

The decision to award attorney's fees and costs associated with an enforcement motion also "rests within the sound discretion of the trial court." Wear v. Selective Ins. Co., 455 N.J. Super. 440, 459 (App. Div. 2018) (internal quotation marks omitted) (quoting Maudsley v. State, 357 N.J. Super. 560, 590 (App. Div. 2003)). "[F]ee determinations by trial courts will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion." Rendine v. Pantzer, 141 N.J. 292, 317 (1995).

Applying these principles, we discern no basis for second-guessing the court's September 16, 2016, and September 19, 2017 orders granting defendant's applications for attorney's fees and costs. The record fully supports the court's determinations that plaintiffs acted unreasonably in failing to comply with the court's orders to remove the encroachments. Rule 1:10-3 specifically allows a party to request reimbursement for the fees and costs it incurs in filing a motion

5

to enforce compliance with a court order.  Therefore, the court properly considered, and granted, defendant's requests after plaintiffs refused to remove the encroachments.

We also reject plaintiffs' contentions that the orders were "punitive," and that the trial court "punished" them for filing an appeal.  As the court noted, the December 6, 2013, and December 15, 2014 orders were not stayed pending plaintiffs' appeal.  While plaintiffs were "within [their] right[s] to seek review of the orders with which [they] disagreed, in the absence of a stay or reversal, [they were] not free to ignore those orders."  Wear, 455 N.J. Super. at 459.  At the time the court issued the enforcement orders, plaintiffs were not in compliance with the court's order to remove the encroachments and, therefore, an award of reasonable fees and costs, as occurred here, was plainly appropriate[1].

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1]  The parties advised us at oral argument that plaintiffs have moved before the trial court for a warrant of satisfaction, and that this motion has been opposed by defendant.  We trust that the Chancery Division will promptly address and resolve this pending motion.